**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**MARCOS ENRIQUEZ PEREZ,**

**Petitioner,**

**v.**

**TODD BLANCHE, *et al.*,**

**Respondents.**

**CASE NO. 2:26-CV-00347-KKC**

**OPINION AND ORDER**

*** *** ***

This matter is before the Court on Petitioner Marcos Enriquez Perez's Petition for Writ of Habeas Corpus (R. 1) under 28 U.S.C. § 2241. Respondents having filed their Response (R. 4), the matter is now ripe for review. For the following reasons, the Court will GRANT the petition.

Petitioner Enriquez Perez is a citizen of Mexico who resided with his wife, also a Mexican citizen, and two daughters in Somerset, Kentucky. (R. 1-3.) Both children are United States citizens by birth. (R. 1-2.) On July 20, 2026, Petitioner was arrested following a traffic stop and subsequently taken into custody by U.S. Immigration and Customs Enforcement (ICE) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (R. 1-5 at 11.) At the time of his arrest, Petitioner claimed that he had no document(s) in his possession which would allow him to enter or reside in the United States, nor had any pending applications for immigration documents that would allow him to legally remain in the United States. (*Id.*) Petitioner has been detained under ICE custody at the Boone County Jail, 3020 Conrad Lane, Burlington, Kentucky 41005 since July 25, 2026, and is scheduled to appear before an Immigration Judge (IJ) on

September 16, 2026, for removal proceedings at the Boone County Detention Center. (R. 1-6 at 2; R. 1-5 at 2.)

On August 17, 2026, Enriquez Perez filed the instant Petition for Writ of Habeas Corpus in the Eastern District of Kentucky arguing that his continued detention is unlawful as he has not received a detention hearing as authorized by 8 U.S.C. § 1226(a). (R. 1 at 8–9.) He requests immediate release on reasonable conditions or an order directing a constitutionally adequate bond hearing before a neutral adjudicator. (R. 1 at 12.) On August 18, 2026, the Court issued an order directing Respondents to respond to the petition (R. 3.) and on September 9, the Respondents filed a response conceding that Petitioner is detained under 8 U.S.C. § 1226(a). (R. 4 at 2.)

Petitioner alleges that his present detention without a bond hearing is unlawful under 8 U.S.C. § 1226(a) and deprives him of the rights afforded by the Due Process Clause of the Fifth Amendment. (R. 1 at 9–10.) A writ of habeas corpus provides "a remedy for unlawful executive detention" and may be granted by a district court to a prisoner within its jurisdiction who is in custody for violation of the Constitution or laws or treaties of the United States. *Munaf v. Geren*, 553 U.S. 674, 693 (2008); 28 U.S.C. § 2241(c)(3). Relief is "available to every individual detained within the United States" including noncitizens, regardless of their lawful status. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004); *Zadvydas v. Davis* 189 U.S. 678, 693 (2001) ("the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"). Petitioner has entered this country and remained present with his family for several years. (R. 1-5 at 12.) He is accordingly afforded the right to the due process protections provided by 28 U.S.C. § 2241.

8 U.S.C. § 1226 governs the apprehension and detention of aliens. It authorizes the government to arrest and detain a noncitizen pending a removal decision but also allows for the noncitizen to be released on bond or conditional parole while awaiting that decision. § 1226(a)(1),

(2). Conversely, 8 U.S.C. § 1225(b)(2)(A) allows the government to detain an alien who is an "applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." The United States Court of Appeals for the Sixth Circuit recently decided that § 1226(a) governs the detention of aliens who are not actively "seeking admission or lawful entry into the United States" and that the mandatory detention provisions of § 1225(b)(2)(A) are inapplicable to those noncitizens. *Lopez-Campos, et al. v. Raycraft, et al.*, 175 F.4th 713,732 (6th Cir. 2026). In its response to Enriquez Perez's petition for relief, the Respondent concedes that the Petitioner is detained under § 1226(a) and is therefore entitled to custody redetermination while awaiting a removal decision. (R. 4 at 2.)

The Fifth Amendment's guarantee of procedural due process entitles the Petitioner to an adequate bond/parole hearing as afforded by 8 U.S.C. § 1226(a).

Accordingly, the Court hereby ORDERS that Enriquez Perez's petition for writ of habeas corpus (R. 1.) is GRANTED as follows:

1. Respondents are ORDERED to immediately release Petitioner, or in the alternative provide him with a constitutionally adequate bond hearing where the government bears the burden of proof by clear and convincing evidence under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order; and
2. Respondents SHALL FILE a Status Report with this Court on or before September 22, 2026, to certify compliance with this Order. The Status Report shall include when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

This 11th day of September, 2026.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY